# EXHIBIT A

Law Offices of Adam M. Kotlar, LLC
Justin M. Cohen, Esquire
Attorney I.D. No. 000852012
1913 Greentree Road
Cherry Hill, NJ 08003
(856) 751-7676
Attorney for Plaintiff(s)

| | |
|---|---|
| Jonathan Trotta and Melissa Trotta, <br><br> Plaintiffs, <br><br> v. <br><br> Armellini Express Lines, Inc., Mabrand Carriers Group, Inc., Orlando Delgado, and John Does 1-X, (fictitiously Named Defendants), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> ESSEX COUNTY <br><br> DOCKET NO. ESX-L-996-17 <br><br> CIVIL ACTION <br><br> AMENDED COMPLAINT, JURY DEMAND, NOTICE OF TRIAL COUNSEL & CERTIFICATIONS |

Plaintiffs, Jonathan Trotta and Melissa Trotta, residing at 23 Pond Lane, Levittown, PA 19054, by way of Complaint against Defendants, say:

## FIRST COUNT

1. Plaintiffs, Jonathan Trotta and Melissa Trotta, husband and wife, are adult individuals residing at 23 Pond Lane, Levittown, PA 19054.

2. Defendant, Armellini Express Lines, Inc., aka Armellini Express Lines, aka Armellini Express Line, Inc, hereinafter referred to as "Armellini Express Lines, Inc.", is a corporation and/or other business entity, with a principal place of business located at 3446 S.W. Armellini Avenue, Palm City, FL 34990.

3. Defendant, John Doe's 1-X, hereinafter referred to as John Doe, are adult individuals, and at all times pertinent hereto, were a Truck Driver, an Employee, agent, servant and/or workman for the Defendant, Armellini Express Lines, Inc., and was involved in the facts and circumstances of Plaintiffs' Complaint. Defendant, John Doe, is a fictitious name pleaded as Defendant's, the true identity is unknown to Plaintiffs at this time.

4. At all times material hereto, Defendant, Armellini Express Lines, Inc., acted by and through Defendant, John Doe, its agents, workmen, servants, employees and or workman, who was the truck Driver, who operated said vehicle on or about February 7, 2015 at 156 Central Ave, Newark, NJ 07103.

5. At all material hereto, John Doe was an agent, workman, servants, employees and or workman, and acted within his scope of employment and/or agency of Defendant, Armellini Express Lines, Inc., such that Defendant, Armellini Express Lines, Inc., was/is vicariously liable for the negligent and careless conduct of Defendant, John Doe, their Driver/operator of the truck on February 7, 2015 at 156 Central Ave, Newark, NJ 07103, to be more fully described below.

6. Defendants, John Doe and Armellini Express Lines, Inc., were the owners, operators, maintainers, possessors, lessors, lessees, and/or otherwise legally responsible for the care, of a vehicle operated by Defendant, John Doe, their Truck Driver/Operator, involved in the facts and circumstances of Plaintiffs' Complaint.

7. At all times material hereto, Defendant, John Doe, the Driver/Operator of the Truck Described below, was an employee, servant, workman and/or agent of Defendant, Armellini Express Lines, Inc., who was in his scope of employment with Defendant, Armellini Express Lines, Inc., at the time that he was involved in the accident that is the subject matter of this Complaint. Further that he acted with the express, apparent and/or implied permission/authorization and/or consent of said Defendant, Armellini Express Lines, Inc., and was within his employment and/or other relationship with Defendant, Armellini Express Lines, Inc., and had permission to operate said truck.

8. On or about February 7, 2015, Plaintiff, Jonathan Trotta, was unloading the truck, supplied and operated by the Driver, who was an agent, servant, employees and or workman of Defendant, Armellini Express Lines, Inc., at or near Mueller Brothers Inc. flower facility located at or near 156 Central Ave, Newark, NJ 07103.

9. Suddenly, and without warning, the vehicle owned and operated by the Defendant, Armellini Express Lines, Inc., and Defendant, John Doe, its Driver, an agent, servant, employee and or workman,

specifically moved said truck, while and as the Plaintiff, Jonathan Trotta, was unloading the truck, thereby causing the metal bridge that connected the truck platform to the dock, to fall through, and directly caused the Plaintiff to slip, stumble and/or fall off said truck.

10. At all times hereinafter set forth, the Defendants, Armellini Express Lines, Inc. and/or John Doe, were negligent in the happening and causing of the accident described above. Said carelessness and/or negligence was caused through the actions of said Defendants, John Doe and/or Armellini Express Lines, Inc., and its driver, agents, workmen, servants, employees and or workman.

11. At the aforementioned time and place, Defendant, John Doe, Defendant Armellini Express Lines, Inc.'s truck driver, operated his motor vehicle in a careless and/or negligent manner which caused said metal platform to fall through and directly cause Plaintiff to slip, stumble and/or fall off said truck. As a result of the negligent and careless conduct of the Defendants, Armellini Express Lines, Inc., and John Doe, the Plaintiff, Jonathan Trotta, sustained serious and personal injuries which fulfill and comply with the requirements of N.J.S.A.

12. Plaintiff, Jonathan Trotta, has been caused and in the future will be caused great pain and suffering all to his great loss and damage. He has and will continue to endure pain and suffering as a result of said injuries/accident, has and in the future will continue to be required to expend large sums of money in and about attempting to cure and care for himself of said injuries, and will in the future be unable to attend to his usual work duties and employment.

WHEREFORE, Plaintiff, Jonathan Trotta, demands judgement against the Defendants, Armellini Express Lines, Inc., and/or John Doe, individually and/or jointly and severally, for damages, compensatory damages, cost of suit, attorney's fees, trial by jury and for whatever other relief the Court deems just and appropriate.

## SECOND COUNT

13. Each and every allegation contained in the First Count is hereby repeated and incorporated by reference.

14. The negligence, and/or carelessness of Defendants, John Doe and Armellini Express Lines, Inc., and its truck driver, consisted of the following:

   a. Operating said vehicle in a negligent and careless manner without regard for rights or safety of plaintiff, or others;

   b. Failing to have said vehicle under proper and adequate control;

   c. Failing to observe the position of the plaintiff, and to take such action as was necessary to prevent striking plaintiff;

   d. Operating said vehicle dangerously at a dangerous and excessive rate of speed under the circumstances;

   e. Being inattentive to his duties as an operator of a motor vehicle;

   f. Failing to bring said vehicle to a stop within the assured cleared distance ahead;

   g. Failing to remain continually alert while operating said vehicle;

   h. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed

   i. Failing to give plaintiff meaningful warning signs concerning the movement of his vehicle;

   j. Failing to not move his vehicle as Plaintiff was unloading contents and product off the truck;

   k. Failing to be highly vigilant and maintain sufficient control of said vehicle and to keep it stopped and not moving;

   l. Operating said vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff.

   m. Failing to operate said vehicle in compliance with the applicable laws and ordinances, and the Statutes of the Commonwealth of Pennsylvania, pertaining to the operations and control of motor vehicle; and,

   n. Operating the said motor vehicle in a careless manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff;

   o. Otherwise failing to exercise due and proper care under the circumstances.

15. The negligence and carelessness of the Defendants, John Doe and/or Armellini Express Lines, Inc., further consisted of the following:

    a. Permitting an incompetent driver to operate the vehicle;

    b. Failing to determine whether the defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

    c. Failing to instruct defendant driver in the proper method of operating a motor vehicle;

    d. Failing to determine the competency of defendant driver to operate the vehicle in question;

    e. Failing as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle, at the aforesaid time and place as herein before described;

    f. Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

    g. Failing to inspect his vehicle or to maintain his vehicle in a safe and non-defective condition

    h. Being otherwise negligent and careless under the circumstances.

16. Defendant, Armellini Express Lines, Inc., is derivatively and vicariously liable for the negligent conduct of Defendant, John Doe, their agent, employee, and/or servant, who was the Truck Driver, as stated above, pursuant to the principles of agency, vicarious liability and respondeat superior.

17. As a direct result of the negligent and/or careless conduct of the Defendants, John Doe and/or Armellini Express Lines, Inc., and its Truck Driver, the Plaintiff, Jonathan Trotta, suffered various serious and permanent personal injuries, serious impairment of bodily function, and/or permanent serious disfigurement, including, but not limited to, head contusions scarring, and/or cervical, lumbosacral and thoracic spine injuries, herniated discs radiculopathy, impingement syndromes, arm, chest, shoulder, leg and knee injuries.

18. As a result of these injuries, Plaintiff, Jonathan Trotta, has in the past, is presently, and may in the future, suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future, all of which are permanent in nature and all of which is to his great financial detriment and loss.

19. As an additional result of the negligence and/or carelessness of the Defendants, John Doe and/or Armellini Express Lines, Inc., the Plaintiff, Jonathan Trotta, has suffered emotional injuries along with the physical injuries suffered.

20. As a further result of the injuries sustained by the Plaintiff, Jonathan Trotta, he has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to his further loss and detriment.

21. Plaintiff has been caused and in the future will be caused great pain and suffering all to his great loss and damage. He has and will continue to endure pain and suffering as a result of said injuries/accident, has and in the future will continue to be required to expend large sums of money in and about attempting to cure and care for himself of said injuries, and will in the future be unable to attend to his usual work duties and employment.

WHEREFORE, Plaintiff, Jonathan Trotta, demands judgement against the Defendants, John Doe and/or Armellini Express Lines, Inc., individually, and/or jointly and severally for damages, compensatory damages, cost of suit, attorney's fees, trial by jury and for whatever other relief the Court deems just and appropriate.

### THIRD COUNT

22. Each and every allegation contained in the First through Second Counts is hereby repeated and incorporated by reference.

23. Defendant, Mabrand Carriers Group, Inc., is a corporation and/or other business entity, with a principal place of business located at 5461 NW 40 Terrace, Coconut Creek, FL 33073.

24. Defendant, Orlando Delgado, is an adult individual, and at all times pertinent hereto, was a Truck Driver, an Employee, agent, servant and/or workman for the Defendant, Mabrand Carriers Group, Inc., and was involved in the facts and circumstances of Plaintiffs' Complaint.

25. At all times material hereto, Defendant, Mabrand Carriers Group, Inc., acted by and through Defendant, Orlando Delgado, its agents, workmen, servants, employees and or workman, who was the

truck Driver, who operated said vehicle on or about February 7, 2015 at 156 Central Ave, Newark, NJ 07103.

26. At all material hereto, Orlando Delgado was an agent, workman, servants, employees and or workman, and acted within his scope of employment and/or agency of Defendant, Mabrand Carriers Group, Inc., such that Defendant, Mabrand Carriers Group, Inc., was/is vicariously liable for the negligent and careless conduct of Defendant, Orlando Delgado, their driver/operator of the truck on February 7, 2015 at 156 Central Ave, Newark, NJ 07103.

27. Defendants, Orlando Delgado and Mabrand Carriers Group, Inc., were the owners, operators, maintainers, possessors, lessors, lessees, and/or otherwise legally responsible for the care, of a vehicle operated by Defendant, Orlando Delgado, their Truck Driver/Operator, involved in the facts and circumstances of Plaintiffs' Complaint.

28. At all times material hereto, Defendant, Orlando Delgado, the Driver/Operator of the Truck Described below, was an employee, servant, workman and/or agent of Defendant, Mabrand Carriers Group, Inc., who was in his scope of employment with Defendant, Mabrand Carriers Group, Inc., at the time that he was involved in the accident that is the subject matter of this Complaint. Further that he acted with the express, apparent and/or implied permission/authorization and/or consent of said Defendant, Mabrand Carriers Group, Inc., and was within his employment and/or other relationship with Defendant, Mabrand Carriers Group, Inc., and had permission to operate said truck.

29. On or about February 7, 2015, Plaintiff, Jonathan Trotta, was unloading the truck, supplied and operated by the Driver, who was an agent, servant, employees and or workman of Defendant, Mabrand Carriers Group, Inc., at or near Mueller Brothers Inc. flower facility located at or near 156 Central Ave, Newark, NJ 07103.

30. Suddenly, and without warning, the vehicle owned and operated by the Defendant, Mabrand Carriers Group, Inc., and Defendant, Orlando Delgado, its Driver, an agent, servant, employee and or workman, specifically moved said truck, while and as the Plaintiff, Jonathan Trotta, was unloading the

truck, thereby causing the metal bridge that connected the truck platform to the dock, to fall through, and directly caused the Plaintiff to slip, stumble and/or fall off said truck.

31. At all times hereinafter set forth, the Defendants, Mabrand Carriers Group, Inc. and/or Orlando Delgado, were negligent in the happening and causing of the accident described above. Said carelessness and/or negligence was caused through the actions of said Defendants, Orlando Delgado and/or Mabrand Carriers Group, Inc., and its driver, agents, workmen, servants, employees and or workman.

32. At the aforementioned time and place, Defendant, Orlando Delgado, Defendant Mabrand Carriers Group, Inc.'s truck driver, operated his motor vehicle in a careless and/or negligent manner which caused said metal platform to fall through and directly cause Plaintiff to slip, stumble and/or fall off said truck. As a result of the negligent and careless conduct of the Defendants, Mabrand Carriers Group, Inc., and Orlando Delgado, the Plaintiff, Jonathan Trotta, sustained serious and personal injuries which fulfill and comply with the requirements of N.J.S.A.

33. Plaintiff, Jonathan Trotta, has been caused and in the future will be caused great pain and suffering all to his great loss and damage. He has and will continue to endure pain and suffering as a result of said injuries/accident, has and in the future will continue to be required to expend large sums of money in and about attempting to cure and care for himself of said injuries, and will in the future be unable to attend to his usual work duties and employment.

34. WHEREFORE, Plaintiff, Jonathan Trotta, demands judgement against the Defendants, Mabrand Carriers Group, and/or Orlando Delgado, individually and/or jointly and severally, for damages, compensatory damages, cost of suit, attorney's fees, trial by jury and for whatever other relief the Court deems just and appropriate.

### FOURTH COUNT

35. Each and every allegation contained in the First through Third Counts is hereby repeated and incorporated by reference.

36. The negligence, and/or carelessness of Defendants, Orlando Delgado and Mabrand Carriers Group, Inc., and its truck driver, consisted of the following:

   a. Operating said vehicle in a negligent and careless manner without regard for rights or safety of plaintiff, or others;

   b. Failing to have said vehicle under proper and adequate control;

   c. Failing to observe the position of the plaintiff, and to take such action as was necessary to prevent striking plaintiff;

   d. Operating said vehicle dangerously at a dangerous and excessive rate of speed under the circumstances;

   e. Being inattentive to his duties as an operator of a motor vehicle;

   f. Failing to bring said vehicle to a stop within the assured cleared distance ahead;

   g. Failing to remain continually alert while operating said vehicle;

   h. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed

   i. Failing to give plaintiff meaningful warning signs concerning the movement of his vehicle;

   j. Failing to not move his vehicle as Plaintiff was unloading contents and product off the truck;

   k. Failing to be highly vigilant and maintain sufficient control of said vehicle and to keep it stopped and not moving;

   l. Operating said vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff.

   m. Failing to operate said vehicle in compliance with the applicable laws and ordinances, and the Statutes of the Commonwealth of Pennsylvania, pertaining to the operations and control of motor vehicle; and,

   n. Operating the said motor vehicle in a careless manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff;

   o. Otherwise failing to exercise due and proper care under the circumstances.

37. The negligence and carelessness of the Defendants, Orlando Delgado and Mabrand Carriers Group, Inc., further consisted of the following:

    a. Permitting an incompetent driver to operate the vehicle;

    b. Failing to determine whether the defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

    c. Failing to instruct defendant driver in the proper method of operating a motor vehicle;

    d. Failing to determine the competency of defendant driver to operate the vehicle in question;

    e. Failing as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle, at the aforesaid time and place as herein before described;

    f. Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

    g. Failing to inspect his vehicle or to maintain his vehicle in a safe and non-defective condition

    h. Being otherwise negligent and careless under the circumstances.

38. Defendant, Mabrand Carriers Group, Inc., is derivatively and vicariously liable for the negligent conduct of Defendant, Orlando Delgado, their agent, employee, and/or servant, who was the Truck Driver, as stated above, pursuant to the principles of agency, vicarious liability and respondeat superior.

39. As a direct result of the negligent and/or careless conduct of the Defendants, Orlando Delgado and Mabrand Carriers Group, Inc., and its Truck Driver, the Plaintiff, Jonathan Trotta, suffered various serious and permanent personal injuries, serious impairment of bodily function, and/or permanent serious disfigurement, including, but not limited to, head contusions scarring, and/or cervical, lumbosacral and thoracic spine injuries, herniated discs radiculopathy, impingement syndromes, arm, chest, shoulder, leg and knee injuries.

40. As a result of these injuries, Plaintiff, Jonathan Trotta, has in the past, is presently, and may in the future, suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time

into the future, all of which are permanent in nature and all of which is to his great financial detriment and loss.

41. As an additional result of the negligence and/or carelessness of the Defendants, Orlando Delgado and Mabrand Carriers Group, Inc., the Plaintiff, Jonathan Trotta, has suffered emotional injuries along with the physical injuries suffered.

42. As a further result of the injuries sustained by the Plaintiff, Jonathan Trotta, he has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to his further loss and detriment.

43. Plaintiff has been caused and in the future will be caused great pain and suffering all to his great loss and damage. He has and will continue to endure pain and suffering as a result of said injuries/accident, has and in the future will continue to be required to expend large sums of money in and about attempting to cure and care for himself of said injuries, and will in the future be unable to attend to his usual work duties and employment.

44. WHEREFORE, Plaintiff, Jonathan Trotta, demands judgement against the Defendants, Orlando Delgado and Mabrand Carriers Group, Inc., individually, and/or jointly and severally for damages, compensatory damages, cost of suit, attorney's fees, trial by jury and for whatever other relief the Court deems just and appropriate.

## FIFTH COUNT

45. Each and every allegation contained in the First through Fourth Counts are hereby repeated and incorporated by reference.

46. Plaintiff, Melissa Trotta, is the wife, of Plaintiff, Jonathan Trotta.

47. As a result of the injuries suffered by her husband, Plaintiff, Melissa Trotta, has and will in the future suffer the loss of usual services and consortium of her husband, and has been required to provide special services and care to her.

WHEREFORE, Plaintiff, Melissa Trotta, demands judgement against the Defendant, Mabrand Carriers Group, Inc. and/or Orlando Delgado, individually and/or jointly and severally, for damages, compensatory damages, cost of suit, attorney's fees, trial by jury and for whatever other relief the Court deems just and appropriate.

Dated: July 13, 2017

                                                  _____
                                                  Justin M. Cohen

## CERTIFICATION PURSUANT TO R. 4:5-1

Following my initial review of this matter, it appears that there are no other actions or arbitrations related to this suit pending or presently contemplated, but may at a later date be subject to arbitration.

Following my initial review of this matter, it appears that there are no other persons who should be joined as parties.

Dated: July 13, 2017

                                                  _____
                                                  Justin M. Cohen

## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to R. 4:25-4, the Court is advised that Justin M. Cohen, Esquire, is hereby designated as Trial Counsel for Plaintiffs, Jonathan Trotta and Melissa Trotta, in the above matter.

Dated: July 13, 2017

_____
Justin M. Cohen

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues in the above matter.

Dated: July 13, 2017

_____
Justin M. Cohen

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff hereby demands the Defendants to answer Form "C" and "C2" Interrogatories, pursuant to N.J. Rule 4:17.

Dated: July 13, 2017

_____
Justin M. Cohen

## NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4(c)

TAKE NOTICE that the undersigned attorney, counsel for the Plaintiffs, does hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c) that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any other party, including any documents, papers and other materials referred to therein, upon the undersigned attorneys, and TAKE NOTICE that this is a continuing demand.

Dated: July 13, 2017

_____
Justin M. Cohen